[Cite as *State v. Grubb*, 2015-Ohio-3905.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| BRIAN GRUBB | : | Case No. 14 CAA 11 0074 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
                            Pleas, Case No. 14CR-I-01-0043-A


JUDGMENT:                   Affirmed


DATE OF JUDGMENT:           September 23, 2015


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

BRIAN J. WALTER                       JEFFREY P. ULRICH
140 North Sandusky Street             P.O. BOX 1977
Delaware, OH 43015                    Westerville, OH 43086

*Farmer, J.*

{¶1}   On January 31, 2014, the Delaware County Grand Jury indicted appellant, Brian Grubb, on one count of trafficking in heroin in violation of R.C. 2925.03 and one count of possessing heroin in violation of R.C. 2925.11.   Said charges arose after Delaware County Sheriff's Deputy, Sergeant Randy Pohl, stopped appellant after he and Delaware County Sheriff's Deputy, Detective Shawn Wade, observed what they believed to be a drug transaction.

{¶2}   On April 23, 2014, appellant filed a motion to suppress, claiming no probable cause to effectuate a stop.   A hearing was held on September 8, 2014.   By judgment entry filed September 10, 2014, the trial court denied the motion.

{¶3}   A jury trial commenced on October 30, 2014.   The jury found appellant guilty as charged.   By judgment entry filed November 4, 2014, the trial court sentenced appellant to eleven months in prison.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.   Assignment of error is as follows:

I

{¶5}   "THE TRIAL COURT ERRED WHEN IT FAILED TO SUPPRESS EVIDENCE OBTAINED BY POLICE OFFICERS AFTER A TRAFFIC STOP WHERE THE ARRESTING OFFICERS DID NOT HAVE "REASONABLE SUSPICION" OR PROBABLE CAUSE TO STOP THE VEHICLE AND WHERE THERE WERE NO EXIGENT CIRCUMSTANCES TO WARRANT THE SEARCH AND QUESTIONING OF DEFENDANT."

I

{¶6}    Appellant claims the trial court erred in denying his motion to suppress as the arresting officers lacked reasonable suspicion of criminal behavior and probable cause to stop his vehicle, and exigent circumstances were not present to warrant the search and questioning of him.  We disagree.

{¶7}    There are three methods of challenging on appeal a trial court's ruling on a motion to suppress.  First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence.  *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993).  Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact.  In that case, an appellate court can reverse the trial court for committing an error of law.  *State v. Williams,* 86 Ohio App.3d 37 (4th Dist.1993).  Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress.  When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.  *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); *Guysinger.*  As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter

determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶8}   In *Terry v. Ohio,* 392 U.S. 1, 22 (1968), the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest."  However, for the propriety of a brief investigatory stop pursuant to *Terry*, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."  *Id.* at 21.  In forming reasonable articulable suspicion, officers may "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that 'might well elude an untrained person.' "  *United States v. Arvizu,* 534 U.S. 266, 273 (2002), quoting *United States v. Cortez,* 449 U.S. 411, 417–418 (1981).  Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer.  *State v. Freeman,* 64 Ohio St.2d 291 (1980), paragraph one of the syllabus.

{¶9}   The facts surrounding the stop of the vehicle are not in dispute.  The trial court accurately summarized the facts in its September 10, 2014 judgment entry denying the motion to suppress.  The gravamen of this appeal is whether all of the surrounding facts and circumstances of this case equate to reasonable suspicion of criminal activity vis-á-vis appellant's theory of the observation of innocent everyday activities.  We find that reasonable suspicion existed sub judice for the following reasons.

{¶10} Both officers, Detective Wade and Sergeant Pohl, are experienced drug investigators with over thirty-five years experience between them.  September 8, 2014 T. at 6-8, 30-33.  They were traveling in separate unmarked vehicles, with Detective Wade in the lead car.  *Id.* at 12-13, 33-34, 39.  Detective Wade exited off of the highway and observed appellant's vehicle in front of him at the light at the end of the exit ramp, neglecting to turn right.  *Id.* at 9, 11.  Detective Wade observed appellant on a cell phone, looking around in an exaggerated fashion.  *Id.* at 11.  Detective Wade testified the area is a common meeting location for drug transactions because of its proximity to the highway.  *Id.* at 10, 27.  He had been involved in investigating drug transactions in the same area over thirty times.  *Id.* at 10.  Appellant finally turned right and the deputies followed him.  *Id.* at 13, 34-35.  Appellant turned into a gas station and pulled into a parking spot.  *Id.* at 13, 35-36.  Two females immediately approached the vehicle.  *Id.*  One of the females entered the vehicle and sat in the back seat for less than two minutes.  *Id.* at 13-15, 37.  Detective Wade recognized the other female as a known heroin addict.  *Id.* at 14, 21.  Sergeant Pohl also testified the area was a popular spot for drug buys.  *Id.* at 34-35.  He observed "some kind of a transaction" between appellant and the female in the vehicle.  *Id.* at 36-37.  After the female exited the vehicle, appellant drove out of the gas station without ever going into the store or getting any services, and Sergeant Pohl followed him and stopped him.  *Id.* at 16, 18, 21, 38-39.  The females entered the store and went to the restroom.  *Id.* at 15-17.  When they returned to their vehicle, Detective Wade stopped them.  *Id.* at 19.

{¶11} Both officers opined they believed they had witnessed a drug transaction based upon the area as a known drug buy location, appellant's exaggerated movements

while on the cell phone, the identification of one of the females as a known heroin addict, and the quick meeting in the vehicle.  Id. at 10-12, 14-15, 27, 34-35, 39.

{¶12}  All of these known facts, as well as the testimony of two very experienced drug enforcement officers, lead to the conclusion of a reasonable suspicion of criminal behavior.    Although  parts  of  the  transaction  are  susceptible  to  an  innocent interpretation, the totality of all the facts equate to a reasonable articulable suspicion.

{¶13}  Upon review, we find the trial court did not err in denying appellant's motion to suppress.

{¶14}  The sole assignment of error is denied.

{¶15}  The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.


SGF/sg 824